Reuben D. Nathan, Esq. (SBN 208436)
Email: *rnathan@nathanlawpractice.com*
NATHAN & ASSOCIATES, APC
2901 West Pacific Coast Highway, Suite 350
Newport Beach, California 92663
Tel:(949)263-5992
Facsimile:(949)209-1948

Ross Cornell, Esq., APC (SBN 210413)
Email: *ross.law@me.com*
111 W. Ocean Blvd., Suite 400
Long Beach, CA 90802
Phone: (562) 612-1708
Facsimile: (562) 394-9556

Attorneys for Plaintiff
MICHAEL CESARINI and the Proposed Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CESARINI, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff<br>vs.<br><br>THE HONEST COMPANY, INC. and DOES 1 through 25, inclusive.<br><br>Defendants. | Case No. 8:16-cv-880<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>JURY TRIAL DEMANDED |

1

## CLASS ACTION COMPLAINT

COMES   NOW   PLAINTIFF,   MICHAEL   CESARINI,   WHO   HEREBY
ALLEGES THE FOLLOWING:

Plaintiff, Michael Cesarini ("Plaintiff") brings this action on behalf of himself and
all   others   similarly   situated   against   Defendant,   The   Honest   Company,   Inc.
("Defendant").   The allegations in this Complaint are stated on personal knowledge as
to Plaintiff's own actions, on investigation by counsel, and on information and belief,
and have evidentiary support or are likely to have evidentiary support after a reasonable
opportunity for further investigation and discovery.

## **NATURE OF ACTION**

1.     Plaintiff files this consumer class action and false advertising lawsuit on
behalf of himself and all similarly situated persons who purchased honest foaming hand
soap, honest auto dishwasher gel, honest dish soap and other honest brand products (the
"Products").

2.     Plaintiff brings this action on behalf of himself and a California and
Nationwide proposed Class of purchasers of the Products for violations of California
Consumer Legal Remedies Act, California Unfair Competition Law, California False
Advertising Law, breach of express warranty and negligent misrepresentation.

3.     Defendant is aware that consumers seek products that allow them to avoid
the health risks and environmental impact of chemical-rich products, and that consumers
increasingly demand products that are natural or plant based and that omit harsh and
hazardous chemicals.  Defendant has implemented a widespread campaign of false

**CLASS ACTION COMPLAINT**

labeling and false advertising in its effort to capture the growing market of " natural"

product purchasers.

4.    Defendant labels many of its products, including the Products and other falsely labeled products, as natural, all-natural, naturally derived and plant-based, and as containing no harsh chemicals (ever).  Throughout the Class period, Defendant's labeling was false, misleading and deceptive.  Plaintiff and the Proposed Class have been duped into detrimentally relying on the "honesty" of Defendants product labeling while, unbeknownst to the Plaintiff and the Proposed Class, the Products were not natural and in fact contained synthetic, hazardous, harsh and harmful chemicals.

5.     Defendant holds itself out to the Plaintiff, the Proposed Class and the general public as an "honest" company, even publicly displaying statements regarding its "culture of honesty" on its website.  Within this broad context of  "honesty" Defendant disseminated statements that the Products are/were "honestly made without … SLS (sodium lauryl sulfates)."  Defendant's website thus makes the "honestly FREE guaranty" that the Products are SLS free.

6.    The "honestly FREE guaranty" offered by the Defendant is/was false and misleading.  The Wall Street Journal published an article claiming that independent laboratory testing has been conducted on Honest brand dishwashing detergent which resulted in the detection of non-trace levels, and in fact of significant amounts, of SLS.

7.    A study appearing in *Exogenous Dermatology* confirmed SLS to be a very "corrosive irritant" to the skin—irritation which persisted in research subjects for 3

**CLASS ACTION COMPLAINT**

weeks.[1]  SLS is a synthetic substance that is harsh, harmful, and hazardous, exerting its damage by stripping your skin of protective oils and moisture.  The Products are not, therefore, SLS-free, and the Defendant's claims to the contrary are false.

## PARTIES

8.   Plaintiff, Michael Cesarini ("Plaintiff"), is a citizen of California, who resides in the city of Santa Ana.  In or about the last quarter of 2014, Plaintiff began purchasing Products from Target and Whole Foods Market.  Despite the advertising and labeling of the Products as SLS-free, the Products Plaintiff purchased contained SLS.  Plaintiff relied on Defendant's misleading labeling, marketing, and product packaging and would not have purchased the Products had he known they were not SLS free.

9.   Defendant, The Honest Company, Inc. ("Defendant") is a Delaware corporation with its principal place of business in Los Angeles, California.  Defendant markets and sells home cleaning and personal care products, including the Products, throughout California and the United States, through various retailers including Target, Costco, and others.

10.   The true names and capacities, whether individual, corporate, associate or otherwise of each of the defendants designated herein as a DOE are unknown to Plaintiff at this time, who therefore, sue said defendants by fictitious names, and will ask leave of this Court for permission to amend this Complaint to show their names and capacities when the same have been ascertained.  Plaintiff is informed and believes and thereon

---

[1]  Lee C H, Kim H W, Han H J, Park C W. "A comparison study of nonanoic acid and sodium lauryl sulfate in skin irritation," Exog Dermatol 2004;3:19-25

4

## CLASS ACTION COMPLAINT

alleges that each of the defendants designated as a DOE is legally responsible in some manner for the events and happenings herein referred to, and caused injuries and damages thereby to these Plaintiffs as alleged herein.

11.    On information and belief, Plaintiff alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant or employee of the other defendants and that during the times and places of the incident in question, Defendant and each of their agents, servants, and employees became liable to Plaintiff and class members for the reasons described in the complaint herein, and thereby proximately caused Plaintiffs to sustain damages as set forth herein.  On information and belief, Plaintiffs allege that Defendants carried out a joint scheme with a common business plan and policies in all respects pertinent hereto and that all acts and omissions herein complained of were performed in knowing cooperation with each other.

12.    On information and belief, Plaintiffs allege that the shareholders, executive officers, managers, and supervisors of the Defendants directed, authorized, ratified and/or participated in the actions, omissions and other conduct that gives rise to the claims asserted herein.  Plaintiff is informed and believes, and thereon alleges, that each of said defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual Class

## CLASS ACTION COMPLAINT

members exceed the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action in which more than two-thirds of the Proposed Class and Defendant are citizens of different states.

14.     Defendant maintains its principal place of business in Los Angeles and is thus subject to personal jurisdiction in California.

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.  An affidavit of venue is attached hereto pursuant to California Civil Code § 1780(d).

## PRIVATE ATTORNEYS GENERAL ALLEGATIONS

16.     In addition to asserting class claims, Plaintiffs assert claims on behalf of class members pursuant to California Business & Professions Code § 17200, *et seq.*  The purpose of such claims is to obtain injunctive orders regarding the false labeling, deceptive marketing and false labeling of the Products, to require the disgorgement of all profits and/or restoration of monies wrongfully obtained through Defendant's unfair and deceptive business practices, which emanated from Defendant's principal place of business in Los Angeles, California, as alleged herein.  This private attorneys general action is necessary and appropriate because Defendant has engaged in wrongful acts described herein as part of the regular practice of its business.

6

## CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action and all claims stated within on his own behalf and on behalf of all similarly situated persons pursuant to Federal Rule of Civil Procedure 23.

18.    Plaintiffs seeks to certify the following classes:

<u>Nationwide Class (the "Class"):</u>

"All persons residing in the United States who purchased the Products within the past four (4) years preceding the filing of this Complaint"

<u>California Class (the "Sub-Class"):</u>

"All persons residing in California who purchased the Products within the past four (4) years preceding the filing of this Complaint"

19.    Excluded from the class are Defendants in this action, any entity in which Defendants have a controlling interest, including, but not limited to officers, directors, shareholders, current employees and any and all legal representatives, heirs, successors, and assigns of Defendants.

20.    There is a well-defined community of interest in this litigation and the class is easily ascertainable:

A.    <u>Numerosity</u>:  The members of the Class and Sub-Class are so numerous that joinder of all members is impracticable. While the exact number of Class and Sub-Class members can only be ascertained through discovery, plaintiffs believe that over one million Californians and United States citizens have purchased and continue to purchase

**CLASS ACTION COMPLAINT**

the Products and that, as a result, on information and belief, there are at least one million aggregate members of the Class and Sub-Class.

B.    Typicality:  Plaintiff's claims are typical of the claims of the Class and the Sub-Class.  Plaintiff and members of the proposed Class and Sub-Class sustained injuries and damages arising out of defendants' common course of conduct in violation of the law as alleged herein. The injuries and damages of each member of the Class and Sub-Class were caused directly by defendants' wrongful conduct as alleged herein and are/were common to all class members.

C.    Adequacy:  Plaintiff does not have a conflict with the class and is qualified to and will fairly and adequately protect the interests of each member of the class with whom he has a well- defined community of interest and typicality of claims, as alleged herein.  Plaintiff acknowledges that he have an obligation to the Court to make known any relationship, conflict, or differences vis-à-vis any class member.  Plaintiffs' attorneys and proposed class counsel are well versed in the rules governing class action and complex litigation regarding discovery, certification, and settlement.

D.    Superiority:  A class action is superior to other available means for the fair and efficient adjudication of this controversy and will result in a substantial benefit to the Class and Sub-Class, the public and the Court.  The likelihood of individual class members prosecuting separate claims is remote, and individual members of the Class and Sub-Class do not have a significant interest in individually controlling the prosecution of separate actions. Because the damages suffered by individual class members is relatively small, the expenses and burden of individual litigation would make it difficult, if not impossible, for individual members of the Class and Sub-Class to redress the wrongs

**CLASS ACTION COMPLAINT**

done to them. The cost to the judicial system of the adjudication of many individualized claims would substantial whereas the litigation of these claims simultaneously as a class action will result in substantial savings of judicial resources. Furthermore, the prosecution of separate actions by individual class members would create a risk of inconsistent and varying adjudications concerning the subject of this action, which adjudications could establish incompatible standards of conduct for defendants under the law alleged herein. Class treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Class treatment will enable the Class and Sub-Class members to redress the wrongs done to them and to serve the public interest by ensuring that defendants' conduct be punished and enjoined from future repetition.  Class treatment will thus result in the most fair and efficient adjudication of this controversy, as well as conferring substantial benefits on the litigants, the public and the Court.

21.    There are common questions of law and fact as to the class that predominate over questions affecting only individual members, including but not limited to:

A.    Whether Defendant has engaged in an unlawful business practice;

B.    Whether Defendant engaged in unlawful advertising;

C.    Whether the Products contain non-trace amounts of SLS;

D.    Whether Defendant had reason to know the Products contained non-trace amounts of SLS;

E.    Whether Defendant's "honestly FREE guaranty" was false and misleading;

F.    Whether Defendant's product labeling was false and misleading;

**CLASS ACTION COMPLAINT**

G.     Whether Defendant warranted that the Products were SLS free when offered for sale;

H.     Whether Defendant breached warranties in connection with the Products;

I.     Whether Defendant made misrepresentations, false promises, or reckless statements to Plaintiff and class members.

22.     Were if not for this class action, most class members would find the cost associated with litigating claims extremely prohibitive, which would result in no remedy to this widespread and ongoing harm.

23.     This class action would serve to preserve judicial resources, the respective parties' resources, and present fewer issues with the overall management of claims, while at the same time ensuring a consistent result as to each class member.

## FIRST CAUSE OF ACTION
Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*.
By Plaintiff and the Proposed Sub-Class against Defendant
(Injunctive Relief Only with Reservation)

24.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

25.     Plaintiff and the Sub-Class are "consumers" as defined by Civil Code § 1761(d).

26.     The Products are each a "good" as defined by Cal. Civil Code § 1761(a).

27.     The Consumers Legal Remedies Act [Civil Code § 1770, *et seq*.] (the "CLRA") prohibits representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have.

## CLASS ACTION COMPLAINT

28.     The Products were represented as being SLS free when, in fact, they contain substantial amounts of SLS, which violates the CLRA insofar as the Products regularly do not have the characteristics, ingredients, benefits or quantities represented.

29.     The CLRA prohibits advertising goods with intent not to sell them as advertised.  Insofar as Defendant's sale of the Products is predicated on a pattern and practice of routinely falsely advertising and labeling the Products as SLS free when, in fact, the Products contains substantial and non-trace amounts of SLS, the Defendant has violated the CLRA.

30.     Defendant's ongoing pattern and practice of falsely labeling the Products violates the CLRA in these respects:

a.      Defendant's acts and practices constitute misrepresentations that the Products has characteristics, benefits, quantities, ingredients or uses which it does not have, thereby causing Plaintiff and the Sub-Class to lose the reasonably expected benefit of their purchases of the Products;

b.      Defendant misrepresented that the Products is of a particular standard, quality and/or grade, when its is of another, lesser grade that fails to meet minimum federal standards, thereby causing Plaintiff and the Sub-Class to reasonably rely on the Defendant's blatant misrepresentations regarding the nature of their purchases of the Products;

c.      Defendant's acts and practices described herein constitute the advertisement of the Products without the intent to sell it as advertised, thereby causing Plaintiff and the Sub-Class to reasonably rely on such advertisements to their detriment;

11

**CLASS ACTION COMPLAINT**

d.      Defendant's acts and practices constitute representations that the Products has been supplied in accordance with previous representations when it has not.

31.      Plaintiff and the proposed Sub-Class suffered injuries caused by Defendant because they would not have purchased the Products if the true facts were known concerning the presence of substantial amounts of harmful, hazardous, harsh SLS. Plaintiff and the proposed Sub-Class paid a price premium for the Products due to Defendant's promises that they were SLS free, and have therefore been damaged by the Defendant's violations of the CLRA.

32.      Plaintiff seeks injunctive relief only for the foregoing violations of the CLRA, but reserves it right to amend this complaint to include allegations for the recovery of damages under the CLRA.

## SECOND CAUSE OF ACTION
Violation of California Business & Professions Code §§17500, et seq.
By Plaintiff and the Proposed Sub-Class against Defendant

33.      Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

34.      This cause of action is brought pursuant to the Unfair Competition Law at Business & Professions Code § 17500, *et seq*.

35.      Plaintiff brings this Cause of Action as an individual, in his capacity as a private attorney general pursuant to Business & Professions Code § 17535, and on behalf of the Sub-Class.

36.      Defendant intended to sell goods - the Products - to Plaintiff and the Sub-Class.

12

**CLASS ACTION COMPLAINT**

37.     Defendants disseminated advertising before the public in California that: (a) contained statements that were illegal, untrue or misleading; (b) defendants knew, or in the exercise of reasonable care should have known, was illegal, untrue or misleading; (c) concerned the nature, quantity and characteristics of goods intended for sale to California consumers, including Plaintiff and the Sub-Class; and (d) was likely to mislead or deceive a reasonable consumer.

38.     The illegal, untrue and/or misleading statements and representations made by these defendants include but are not limited to words that state or imply that the Products were free of SLS when, in fact, the Products contain substantial amounts of harsh, harmful hazardous SLS.

39.     Pursuant to California Business & Professions Code §§ 17500, et seq., it is unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

40.     Defendant committed acts of false advertising, as defined by §17500, by misrepresenting that the Products were SLS free.

41.     Defendant knew or should have known, through the exercise of reasonable care that its representations about the Products were false, untrue and misleading to Plaintiff, the Sub-Class members and the general public.

**CLASS ACTION COMPLAINT**

42.     Defendant's actions in violation of § 17500 were false and misleading such that the Plaintiff, the Sub-Class and the general public is and was likely to be deceived.

43.     Plaintiff and the Sub-Class lost money or property as a result of Defendant's false advertising insofar as Plaintiff and the Sub-Class would not have purchased the Products if they had reason to know that the Products contained SLS.

44.     Plaintiff and the Sub-Class paid a premium for the Products due to their reliance on the Defendant's reputation, honest guaranty, and upon Defendant's product labels and promises that the Products were SLS free.

## THIRD CAUSE OF ACTION
Breach of Express Warranty
By Plaintiff and the Proposed Class against Defendant

45.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

46.     Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant.

47.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that the Products were free of harmful SLS.

48.     Defendant gave Plaintiff and the Class a description of the Products that included a representation that the Products were SLS free.

49.     The true facts are that the Products are not SLS free, and therefore do not meet the quality represented by the Defendant.

50.     Plaintiff took reasonable steps to notify the Defendant that the Products is not as represented.

**CLASS ACTION COMPLAINT**

51.     Defendant's breach of express warranty is the direct and proximate cause of harm to Plaintiff and the Class who have been harmed because they would not have purchased the Products for the agreed-upon price if they knew the Products contained SLS.

52.     The failure of the Defendant to provide the Products as represented was a substantial factor in causing harm to the Plaintiff and the Class.  As a proximate result of this breach of warranty, Plaintiff and the Class have suffered damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
Negligent Misrepresentation
By Plaintiff and the Proposed Class against Defendant

53.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

54.     Plaintiff brings this claim individually and on behalf of the Proposed Class against the Defendant.

55.     Defendant misrepresented the that the Products did not contain SLS and/or failed to disclose that the Products contained substantial non-trace amounts of SLS.

56.     Defendant had an obligation to disclose the true facts, and failed to do so with knowledge of its concealment and the materiality thereof, and/or in reckless disregard of its duty to ensure that its representations were accurate and complete.

57.     At the time Defendant made these representations, Defendant knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

15

**CLASS ACTION COMPLAINT**

58.     Defendant negligently misrepresented the amount of SLS in the Products and/or negligently omitted material facts about the presence of SLS in the Products. Plaintiff and the Class relied upon the negligent statements or omissions.  The Defendant's statements were false.

59.     The negligent misrepresentations and/or omissions made by Defendant, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Products.

60.     Plaintiff and the Class would not have purchased the Products if the true facts had been known.

61.     The negligent actions of Defendant actually and proximately caused damage to Plaintiff and the Class, who are entitled to damages and other legal and equitable relief as a result.

## FIFTH CAUSE OF ACTION
Violations of California Business & Professions Code § 17200, et seq.
By Plaintiff and the Proposed Sub-Class against Defendant

62.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

63.     Plaintiff and Defendant are "person[s]" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

64.     "Unfair competition" is defined by Business & Professions Code § 17200 as encompassing several types of business "wrongs," including, but not limited to: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, and (3)

**CLASS ACTION COMPLAINT**

"unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

65.    By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful and/or unfair business practices, and unfair, deceptive, untrue or misleading advertising prohibited by Business & Professions Code § 17200, *et seq.*

### A.    The "Unlawful" Prong

66.    Beginning at a date currently unknown through the time of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professions Code § 17200 by manufacturing, distributing, advertising, labeling and/or marketing the Products as SLS free when actually contain substantial non-trace amounts of SLS.  The foregoing constitutes an unlawful business practice in violation of Business & Professions Code § 17500 and Civil Code § 1750 as set forth hereinabove.

### B.    The "Unfair" Prong

67.    Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Business & Professions Code § 17200, *et seq.*  Defendant engaged in a pattern of "unfair" business practices that include the manufacture, marketing and distribution of the Products cans that contain language affirming that they are SLS free when, in fact,

**CLASS ACTION COMPLAINT**

they regularly contain substantial non-trace amounts of SLS.  Because the Defendant knows that the average consumer will not test or certify the content of their purchases of the Products, Defendant's pattern and practice of labeling and advertising the Products as SLS free, and charging a premium, is unfair.

68.   Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statutes by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by manufacturing, distributing, and/or marketing the Products as SLS free when they are not.

69.   Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statutes by engaging in practices, including manufacturing, distributing, marketing, and/or advertising the Products in violation of 21 C.F.R. § 161.190 by falsely representing that the Products were SLS free, wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

## C.   The "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

70.   Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's products free of harmful, hazardous, harsh SLS when in fact they are not.

71.   Plaintiff, a reasonable consumer, and the public would be likely to be, and,

18

**CLASS ACTION COMPLAINT**

in fact were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representation in accord with its ordinary usage, that the Products were free of SLS when, in fact, they are not.

72.    Defendant's unlawful and unfair business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

73.    Defendant engaged in these unlawful and unfair business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

74.    Such acts and omissions by Defendant are unlawful and/or unfair and constitute a violation of Business & Professions Code section 17200 et seq. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

75.    As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

76.    As a direct and proximate result of Defendant's unlawful and unfair conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff and the Sub-Class, who unwittingly provided money to Defendant based on Defendant's actual and implied representations that the Products were SLS free.

77.    Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by

**CLASS ACTION COMPLAINT**

Defendant as a result of Defendant's unfair, unlawful, deceptive business practices in connection with the sale and purchase of the Products based on false representations of the Product ingredients.

78.     In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

79.     Pursuant to Business & Professions Code § 17203, Plaintiff and the Sub-Class seek from Defendants, and each of them, restitution and the disgorgement of all earnings, profits, compensation, benefits and other ill-gotten gains obtained by defendants as a result of defendants' conduct in violation of Business & Professions Code § 17200 *et seq*.

80.     Pursuant to Business & Professions Code § 17204, Plaintiff and the Sub-Class seek an order of this Court enjoining Defendants, and each of them, from continuing to engage in the acts as set forth in this complaint, which acts constitute violations of Business & Professions Code § 17200 *et seq*.  Plaintiff, the Sub-Class and the general public will be irreparably harmed if such an order is not granted.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

1.     For an order certifying the nationwide Class and the Sub-Class under Rule 23 of the Federal Rules of Civil Procedure;

20

**CLASS ACTION COMPLAINT**

2.      For an order certifying Plaintiff as the representative of the Class and Sub-Class and certifying Plaintiff's attorneys as Class Counsel to represent the interests of the Class and Sub-Class;

3.      For an order declaring the Defendant's conduct violates the statutes and laws identified herein;

4.      For an order of judgment in favor of Plaintiff, the Class and the Sub-Class on all causes of action alleged herein;

5.      For an award of compensatory and punitive damages in amounts to be determined;

6.      For prejudgment interest;

7.      For an order of restitution and all other forms of equitable monetary relief;

8.      For an order of injunctive relief to remedy the past, present and threatened future harm of Defendant's conduct as set forth herein;

9.      For an order awarding Plaintiff, the Class, and the Sub-Class reasonable attorneys' fees and costs of suit; and

10.     For all other relief this Court deems just and proper.

21

**CLASS ACTION COMPLAINT**

1

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: May 11, 2016         **NATHAN & ASSOCIATES, APC**

By:     /s/ Reuben D. Nathan_____
Reuben D. Nathan,
Attorney for Plaintiff,
MICHAEL CESARINI

Dated: May 11, 2016         **LAW OFFICES OF ROSS CORNELL, APC**

By:     /s/ Ross Cornell_____
Ross Cornell,
Attorney for Plaintiff,
MICHAEL CESARINI

22

## CLASS ACTION COMPLAINT

## **AFFIDAVIT OF VENUE**

I, ROSS CORNELL, hereby declare as follows:

1.      I am an attorney at law duly licensed to practice before all the courts of the state of California, including this Court.  I attest to the matters set forth herein of my own personal knowledge and, if called upon to do so, I could and would competently testinfy in conformith herewith.

2.      I submit this Affidavit of Venue pursuant to *Cal. Civil Code* § 1780(d) in support of Plaintiff's Consumer Legal Remedies Act claims set forth in the foregoing complaint.

3.      Plaintiff resides in Orange County, California and has purchased the Defendant's products from retailers in Orange County.  Defendant sells products through various retailers in Orange County, thereby availing itself of the consumer market in Orange County.  Defendant is therefore doing business in Orange County, which is where the transactions giving rise to my client's complaint occurred.

I hereby declare under penalty of perjury under the laws of the United States that the foregoign is true and correct.  Executed this 11th day of May, 2016 in Long Beach, California.

_____/s/ Ross Cornell_____

Ross Cornell

23

## **CLASS ACTION COMPLAINT**